# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**DANIEL McGOVERN,**

      **Plaintiff,**

**v.**                                            **Case No.  8:07-CV-1245-T-30TBM**

**CBT DIRECT, LLC, DAVID PARKINSON,**
**FRANK COLEMAN, AND KIM CARDINALE,**

      **Defendants.**

_____

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

THIS CAUSE came on for consideration upon Plaintiff's Motion to Remand and Incorporated Memorandum of Law (Dkt. #6) and Defendant's opposition thereto (Dkt. #7). The Court, having considered the motion, response, and memoranda, and being otherwise advised in the premises, determines that Plaintiff's Motion for Remand should be granted.

Plaintiff filed this action against Defendants in the Sixth Judicial Circuit Court in and for Pinellas County, Florida, on May 22, 2007 (Dkt. #2). In his complaint, Plaintiff asserts a claim of retaliatory termination, stating that, as sales manager at CBT:

> [He] objected to and refused to participate in activities, policies, and practices of Defendants that were in violation of a law, rule, or regulation.  These violations included, but were not limited to violations of provisions of [the] Fair Credit Reporting Act ["FCRA"].[1]

(Dkt. #2 ¶ 14 (footnote added)). Plaintiff further asserts that he reported these violations to his supervisors, and shortly thereafter, CBT retaliated against him, ultimately terminating his

---

[1]This is the only reference to federal law in the Complaint.

employment. Plaintiff contends that Defendants' actions were taken in contradiction to Florida's Whistleblower's Act ("FWA"), codified at Fla. Stat. §§ 448.101-448.105 and § 448.045.

On or about June 19 and 22, 2007, Defendants were served with the complaint. On July 17, 2007, Defendants removed the entire action to the Middle District of Florida, claiming that the presence of a federal question gives this Court jurisdiction over the suit. In his Motion to Remand, Plaintiff correctly argues that "the fact that the Complaint references the [FCRA] in a non-exhaustive list of laws, rules, and regulations that Defendant violated does not provide a basis to turn this state court claim into a federal cause of action." Dkt. #6 at 6.

Removal statutes are construed narrowly with uncertainties resolved in favor of remand. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citation omitted). While a defendant is entitled to remove to the appropriate federal district court any civil action over which district courts have original jurisdiction, see 28 U.S.C. §§ 1331 and 1441(a), a plaintiff "is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." Hill v. BellSouth Telecommunications, Inc., 364 F.3d 1308, 1314 (11th Cir. 2004) (citation omitted).  On a motion to remand, the removing party has the burden of establishing that the federal court has jurisdiction over the matter. Diaz, 139 F.3d at 1505. Here, Defendants have failed to meet their burden.

A complaint can raise issues of federal law even if the cause of action was created by state law, see Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983), but the mere presence of federal law in the complaint does not justify

removal to federal court, see Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986). Removal is not justified unless the federal question presented is necessary to the resolution of the controversy or strong federal interests are implicated. Grable & Sons Metal Prods. v. Darue Engineering & Mfg., 545 U.S. 308, 314-315 (2005); Highland Capital Mgmt. LP. v. Schneider, 198 Fed. Appx. 41, 44 (2d Cir. 2006).

The inquiry does not focus on the number of references to federal law, but on the centrality of federal law to the resolution of the case or the special importance of the federal issue. While a single claim over which federal-question jurisdiction exists is sufficient to allow removal, see Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563-4 (2005), a cause of action, as described by a plaintiff, does not necessarily comprise a "claim" for the purposes of evaluating federal jurisdiction. See Broder v. Cablevision Systems Corp., 418 F.3d 187, 194 (2d Cir. 2005) ("[w]here a federal issue is present as only one of multiple theories that could support a particular claim . . . this is insufficient to create federal jurisdiction. . . . The question is whether at least one federal aspect of [the] complaint is a logically separate claim, rather than merely a separate theory that is part of the same claim as a state-law theory.").

Defendants urge the Court to find that the narrow exception to the "well-pleaded complaint rule" set out in Grable & Sons Metal Products, Inc. v Darue Engineering & Mfg., 545 U.S. at 314, is applicable in this case. Grable held that federal question jurisdiction may exist in limited situations where state claims "*necessarily*" involve disputed and *substantial* issues of federal law. Id. Grable is, however, distinguishable. The claims at issue in Grable's state "quiet title" cause of action implicated the meaning of a provision of the federal tax

code and the Internal Revenue Service's alleged failure to comply with the code. The Supreme Court reasoned that because the meaning of the federal statute was actually in dispute and appeared to be the only legal or factual issue contested in the case, jurisdiction existed with respect to the plaintiff's state law claims.  Id. at 319-20.

Having analyzed the complaint, the Court is of the opinion that Plaintiff's claims do not fit within this very narrow category of federal question jurisdiction. The single reference to federal law in Plaintiff's complaint, taken in context, supra at 1, is insufficient to warrant the exercise of federal jurisdiction over Plaintiff's claims.  Subsection 3 of the FWA renders an employer liable to an employee for retaliatory personnel action based upon an employee's objection to, or refusal to participate in, any activity, policy, or practice of the employer that is in violation of "a law, rule, or regulation."  See § 448.102(3).  Subsection 4 of the FWA provides that a "law, rule, or regulation includes any statute or ordinance or any rule or regulation adopted pursuant to any *federal*, state, or local statute or ordinance applicable to the employer and pertaining to the business." Fla. Stat. § 448.101(4) (emphasis added). See also El Toro Exterminator of Florida, Inc. v. Cernada, 953 So.2d 616 (Fla. 3d DCA 2007) (violations of county ordnance and administrative code are sufficient to support claim under Fla. Stat. 448.102(3)). In this case, Petitioner's right to relief does not depend upon federal law. Here, Plaintiff's retaliatory termination claim is independently actionable irrespective of whether he relies on federal authority.

The Court finds that there is no reason why a federal forum need decide Plaintiff's claims. There is no direct federal interest in the resolution of this dispute, and the federal law involved is not subject to "any controversy respecting [its] validity, construction, or effect."

See Shulthis v. McDougal, 225 U.S. 561, 569-70 (1912)). See also Grable, 545 U.S. at 313 ("[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."). This case is entirely an issue of state law.

It is ORDERED AND ADJUDGED that:

1.      Plaintiff's Motion for Remand (Dkt. #6) is **GRANTED**. The **Clerk** of this Court is directed to **remand** this case to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida. The **Clerk** is also directed to forward a certified copy of this Order to that Court.

2.      The **Clerk** is directed to **CLOSE** this file and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on November 13, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2007\07-cv-1245  Plf Mtn for Remand.wpd